IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GREAT MIDWEST INSURANCE COMPANY,**

    **Plaintiff,**

    v.                                               Civil Action No. 3:23-cv-680

**WB CONTRACTING GROUP, INC.,** *et al.*,

    **Defendants.**

## ORDER TO SHOW CAUSE

This matter comes before the Court on the Suggestion of Bankruptcy filed by Plaintiff Great Midwest Insurance Company ("GMIC"). (ECF No. 9.) On October 19, 2023, GMIC filed a Complaint against WB Contracting Group, Inc., William Bigger, and Alisa Bigger, (collectively, the "Defendants"). (ECF No. 1.) On November 22, 2023, Defendant William Bigger "filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court for the Eastern District of Virginia, initiating that case styled *In re: William Alfred Bigger, Jr.*, No. 23-34043." (ECF No. 9, at 1.) On November 27, 2023, in its Suggestion of Bankruptcy, GMIC notified the Court of William Bigger's Chapter 7 Voluntary Petition, (the "Petition"), and further stated that it "has received no indication that Defendants WB Contracting Group, Inc. or Alisa Bigger have filed for bankruptcy protection[.]" (ECF No. 9, at 1.) Accordingly, GMIC requested "that this action proceed as to said Defendants." (ECF No. 9, at 1.) On December 5, 2023, GMIC filed a Request for Entry of Default, along with a supporting affidavit, moving for entry of default against Defendants Alisa Bigger and WB Contracting Group, Inc. (ECF Nos. 13, 13-1.) In the Request for Entry of Default, GMIC appropriately stated that it "seeks no relief

as to [D]efendant William Bigger, as to whom the automatic bankruptcy stay is presumably in effect." (ECF No. 13, at 2.)

The filing of a voluntary bankruptcy petition "operates as a stay, applicable to all entities, of . . . the . . . continuation . . . of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. § 362(a)(1). "Subsection [362](a)(1) is generally said to be available only to the debtor, not [to] third-party defendants or co-defendants." *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). "An exception to this general rule exists, however, allowing . . . courts to extend the protections of the automatic stay to non-bankrupt codefendants in 'unusual circumstances.'" *Kreisler v. Goldberg*, 478 F.3d 209, 213 (2007) (quoting *Piccinin*, 788 F.2d at 999). The United States Court of Appeals for the Fourth Circuit has explained that this "unusual situation" arises when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Piccinin*, 788 F.2d at 999.

The Court observes that a judgment against Defendant WB Contracting Group, Inc. *may* in effect be a judgment against Mr. Bigger. Accordingly, it may be appropriate to extend the protections of the automatic stay to this Defendant. *See id.* Mr. Bigger's Petition states that he is the sole owner of WB Contracting Group, LLC. *See In re: William Alfred Bigger, Jr.*, No. 23-34043 (KRH), ECF No. 1, at 14 (Bankr. E.D. Va. Nov. 22, 2023) (stating that Mr. Bigger owns 100% of WB Contracting Group, LLC, and valuing the ownership at $1.00).[1] Additionally, the

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Mr. Bigger's bankruptcy petition and the bankruptcy court docket. *See Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take

2

Complaint provides that WB Contracting Group, Inc.'s principal place of business is also Mr. Bigger's residence. (ECF No. 1, at 2.) The record does not establish the relationship between non-party WB Contracting Group, LLC and Defendant WB Contracting Group, Inc.

Pursuant to 11 U.S.C. § 362(a)(1), this action is STAYED against Defendant William Bigger until further order of this Court. Furthermore, GMIC is **ORDERED** to **SHOW CAUSE** by January 11, 2024 as to why this action should not also be stayed against Defendant WB Contracting Group, Inc. Pursuant to Federal Rule of Civil Procedure 55(a),[2] the Clerk "*must* enter [a] party's default" after a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a) (emphasis added). Accordingly, the Court ORDERS the Clerk of the Court to enter default against Defendant Alisa Bigger. Because the Court has not yet determined whether it is appropriate to extend the protections of the automatic stay to Defendant WB Contracting Group, Inc., the Clerk SHALL NOT enter default against WB Contracting Group, Inc. until further direction from this Court.

Let the Clerk send a copy of this Order to all counsel of record and to the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia.

It is SO ORDERED.

Date: 12/22/2023  
Richmond, Virginia

/s/ M. Hannah Lauck  
United States District Judge

---

judicial notice of its own records[.]"); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

[2] Rule 55(a) provides:

> (a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default.

Fed. R. Civ. P. 55(a) (emphasis added).

3